

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,                    )
                                      )
    Plaintiff-Appellant,          )    No. SD36155
                                      )
vs.                                   )    **Filed:  January 16, 2020**
                                      )
BRYAN F. BURNS,                       )
                                      )
    Defendant-Respondent.         )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Judge William E. Hickle

*(Before Scott, P.J., Bates, J., and Sheffield, J.)*

## REVERSED AND REMANDED

PER CURIAM. The State of Missouri brings an interlocutory appeal from a pretrial order suppressing evidence seized in a warrantless search during a traffic stop.[1] The State argues that the trial court erred in suppressing drugs seized from Burns' vehicle because Burns effectively consented to the search during an ongoing, valid traffic stop.  We agree, and reverse and remand for further proceedings.

---

[1] *See* Missouri Court Rule 30.02 (2019); § 547.200 RSMo. Cum. Supp. (2018).

## Background

A patrol officer pulled over Burns' vehicle after it failed to stop at a stop sign. A warrantless search of Burns' vehicle yielded a bag of methamphetamine. Charged with felonious drug possession, Burns moved to suppress the seized drug, arguing the search was unlawful and his consent was not voluntary. After a hearing, the trial court suppressed the evidence without explanation and this interlocutory appeal followed.

## Legal Principles and Analysis

We review *de novo* whether the officer's conduct violated the Fourth Amendment. ***State v. Pesce***, 325 S.W.3d 565, 569 (Mo. App. W.D. 2010). "'An officer may at any time ask a citizen whether he has contraband in his car and may ask for permission to search; if consent is given without coercion, the subsequent search is not prohibited by the Fourth and Fourteenth Amendments.'" ***Id.*** (quoting ***State v. Woolfolk***, 3 S.W.3d 823, 831 (Mo. App. W.D. 1999)).

Burns does not dispute the traffic stop's validity.[2] Credibility is not at issue in the dashcam video, in which Burns freely consents to a vehicle search and which flatly refutes Burns' claims of involuntariness and illegal post-stop detention. That ends our *de novo* constitutional analysis. ***Id.*** The trial court erred in suppressing the evidence. We reverse and remand for further proceedings consistent with this opinion.

---

[2] Burns' counsel during the motion to suppress hearing stated: "We don't object to the stop. We don't object to the investigation, up to the point where he is given a breathalyzer test[.]"